SMITH, Judge.
This is an appeal from a judgment sustaining an exception of res judicata to an action brought by plaintiff against the Department of Highways for damages alleged to have occurred to two tracts of land belonging to him in Lincoln Parish resulting from the widening of a state highway in that parish.
The appellant’s principal reason for asserting error in the ruling of the trial court is a variance in the description of *927 the properties in the pleadings in the prior suit on which the exception is based from the instant action.
The Department of Highways in its brief sets forth an explanation which establishes that the two pieces of property are the same as involved in the prior action and that a typographical error must have occurred in reference to a quarter section in the original petition in this case. The preamble to the property description contained in article two of the original petition shows the property to be in the Southwest Quarter (SW ¡4) of the Southeast Quarter (SE J4) and again in article one of the amended and supplemental petition the property is referred to as being in the Southwest (SW) of the Southeast Quarter (SE 54). Therefore it is obvious that the properties are identical and there is no basis for appellant to claim that the plea of res judicata should not have been sustained.
The only other assignment of error is the assertion that the trial court erred in sustaining a plea of judicial estoppel. By reference to the judgment rendered, it is apparent that only an exception of res ju-dicata was sustained by the trial court.
The Department of Highways did not answer the appeal which was devolu-tive in form; but asked for damages for a frivolous appeal in its appeal brief, styled “petition for damages for frivolous appeal.” This pleading was not filed until January 6, 1976. Under the provisions of LSA-C.C.P. Art. 2133 such relief must be asked for in answer to the appeal filed within fifteen days of the return date or filing of the transcript which was not done in this instance. Therefore, we are not called upon to decide this issue. Brewster v. Michigan Millers Mutual Insurance Company, 274 So.2d 213, (La.App., 2nd Cir., 1973).
For the reasons assigned, the judgment of the trial court is affirmed. Appellant is assessed with costs.
Affirmed.